IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ZORA JONES, Individually and on
Behalf of others similarly situated                                                PLAINTIFF


v.                                          Case No. 1:20-cv-1047


STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                               DEFENDANT

**ORDER**

Before the Court is Plaintiff's Motion for Leave to Substitute Party and File Amended Complaint. (ECF No. 24). Defendant has filed a response. (ECF No. 29). Plaintiff has filed a reply. (ECF No. 33). The Court finds the matter ripe for consideration.

On September 18, 2020, Plaintiff filed this case in the United States District Court for the Western District of Arkansas. On November 27, 2020, Defendant filed a Motion to Dismiss for Failure to State a Claim. (ECF No. 13). On January 7, 2021, the Court granted Plaintiff's Motion to Stay due to the death of Plaintiff, Zora Jones. (ECF No. 21). On March 29, 2021, Plaintiff filed the instant motion, seeking leave to substitute the representative of the deceased Plaintiff's estate for Zora Jones and file an amended complaint that reflects that substitution and adds additional facts.

Federal Rule of Civil Procedure 15 governs requests to amend that are made before the expiration of the amendment deadline provided in the court's pretrial scheduling order. *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). Except in cases where a party may amend as a matter of course,[1] "a party may amend its pleading only with the opposing

---

[1] "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service

party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  This is a liberal standard, as courts "should freely give leave when justice so requires."  *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005).  However, there is no absolute right to amend a pleading.  *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007).  Rather, the decision is a discretionary matter for the district court to resolve.  *McLaurin v. Prater*, 30 F.3d 982, 985 (8th Cir. 1994).  "[A]bsent a good reason for denial—such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment—leave to amend should be granted."  *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989).

Defendant argues that granting leave to amend would be futile because it does not cure Plaintiff's lack of Article III standing.[2]  Plaintiff disagrees. Additionally, Defendant argues that Ms. Jones' TCPA claim did not survive her death, and thus can no longer be brought. Plaintiff argues that she does have standing and that the TCPA is remedial in nature, thus it can be transferred to Jones' Estate.

A proposed amendment is futile if it could not survive a Rule 12 motion to dismiss. *See In re Senior Cottages of Am., LLC*, 482 F.3d 997, 1001 (8th Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff

---

of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).  Neither of these instances apply here.

[2] Defendant also argues that Plaintiff's TCPA claim did not survive her death, and thus can no longer be brought. Plaintiff argues that the TCPA is remedial in nature and can be transferred to Ms. Jones' Estate. The above-mentioned issues are more appropriately articulated in a dispositive motion. For the purposes of the present motion, the Court must look to whether granting Plaintiff leave to amend her complaint would be futile.

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Under the plausibility standard, there must be more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* A plaintiff need not provide "detailed factual allegations," under Rule 8, but it must provide more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

Although the Rule 12(b)(6) standard applies when conducting a Rule 15(a) futility analysis, courts generally do not weigh the substance of the proposed amendment to the same extent as would be appropriate under Rule 12(b)(6). *See, e.g., Cmty. Voice Line, LLC v. Great Lakes Commc'n Corp.*, 295 F.R.D. 313, 321 (N.D. Iowa 2013), *aff'd sub nom. Cmty. Voice Line, L.L.C. v. Great Lakes Commc'n Corp.*, No. C 12-4048-MWB, 2014 WL 272646 (N.D. Iowa Jan. 23, 2014); *Schlief v. Nu-Source, Inc.*, No. CV 10-4477 (DWF/SRN), 2011 WL 13140709, at *1 (D. Minn. Aug. 22, 2011). Moreover, the likelihood of success of a proposed claim is not a basis for denying leave to amend unless the claim is "clearly frivolous." *Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd.*, 32 F.3d 1244, 1256 (8th Cir. 1994).

Upon consideration, granting Plaintiff leave to file her amended complaint does not appear to be futile. Accordingly, Plaintiff's motion (ECF No. 24) is hereby **GRANTED**. Further, Defendant's Motion to Dismiss (ECF No. 13) is **DENIED AS MOOT**. Pursuant to Local Rule 5.5(e), **Plaintiff must file her amended complaint within seven days of this order**.

**IT IS SO ORDERED**, this 23rd day of July, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge